UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5240 FLA (PVC)   Date: November 23, 2022

Title   Ronald O. Tanks v. Danny Samuel, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:   Attorneys Present for Respondent:
None                                None

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT CONTAINS UNEXHAUSTED CLAIMS**

On July 20, 2022, Ronald O. Tanks (Petitioner), a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1 at 8).[1] The Petition raises five grounds for federal habeas relief: (1) there was a conflict of interest, in violation of the Sixth Amendment, because Petitioner's appointed counsel was facing criminal charges by the same District Attorney prosecuting Petitioner; (2) the superior court improperly denied Petitioner's *Marsden* motion, in violation of the Sixth Amendment; (3) the warrantless search of Petitioner's apartment violated the Fourth Amendment; (4) the prosecution delayed in turning over exculpatory evidence, in violation of the Sixth Amendment; and (5) prejudicial hearsay

---

[1] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was July 20, 2022. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988). For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5240 FLA (PVC)                             Date:  November 23, 2022

Title   Ronald O. Tanks v. Danny Samuel, Warden

evidence was admitted in violation of the Sixth Amendment.  (*Id.* at 5–7).  On September 26, 2022, Respondent filed a Motion to Dismiss, arguing that Grounds Four and Five are unexhausted.  (Dkt. No. 11).  Respondent also lodged documents ("LD") from Petitioner's state court proceedings.  (Dkt. No. 12).  Petitioner did not file a response to the Motion to Dismiss, which was due on October 26, 2022.  (*See* Dkt. No. 6 ¶ 4).  Thus, the Petition is subject to dismissal because it appears that that Grounds Four and Five are unexhausted.  (*Id.*).

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").  The Ninth Circuit has instructed that lower courts are not obligated "'to act as counsel or paralegal to *pro se* litigants'" by explaining "'the details of federal habeas procedure ….'"  *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).  However, the Court may provide a *pro se* litigant with "accurate instruction" before dismissing a mixed petition.  *See id.* at 786 ("The district court gave [petitioner] accurate instruction before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5240 FLA (PVC)                                    Date:  November 23, 2022

Title         Ronald O. Tanks v. Danny Samuel, Warden

dismissing his mixed petition without prejudice.  *Pliler* does not allow us to require anything more.").

"[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Henry*, 513 U.S. at 365 (citation omitted).  "In order to 'fairly present' an issue to a state court, a habeas petitioner must present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."  *Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) (citation omitted).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings *both* the operative facts *and* the federal legal theory on which the claim is based.  See *Henry*, 513 U.S. at 365–66; *Davis v. Silva*, 511 F.3d 1005, 1009–10 (9th Cir. 2008). Mere mention of the Constitution, or broad constitutional principles such as due process, equal protection, and the right to a fair trial, are insufficient.  *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).  Instead, the petitioner must reference specific provisions of the federal constitution, a federal statute, or federal case law.  *See Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010).

Here, it appears that Grounds Four and Five of the Petition are unexhausted because they were never fairly raised before the California Supreme Court.  While Petitioner described the operative facts for Ground Four and Five in the California Supreme Court, he did not raise the federal legal bases for these claims.  Ground Four alleges that the prosecution delayed in turning over exculpatory evidence, in violation of the *Sixth Amendment*.  (Pet. at 6).  However, in his petition for review on direct appeal, Petitioner alleged that the prosecutor violated his discovery obligations by providing late and incomplete criminal records of prosecution witnesses, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and the Fifth and Fourteenth Amendments.  (LD 6 at 48, 51).  He did not cite the Sixth Amendment as he does in Ground Four.  Similarly, Ground Five alleges that the introduction of prejudicial hearsay evidence violated the *Sixth Amendment*.  (Pet. at 6).  But in the petition for review, Petitioner argued that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5240 FLA (PVC)                               Date:  November 23, 2022

Title          Ronald O. Tanks v. Danny Samuel, Warden

introduction of prejudicial evidence violated the Fifth and Fourteenth Amendments, not the Sixth Amendment.  (LD 6 at 46).  Accordingly, because Petitioner did not cite the Sixth Amendment as a federal legal basis for his claims in the California Supreme Court, the Petition is subject to dismissal, and Petitioner has six available options:

   **Option 1:** If, upon further reflection, Petitioner wishes to contend that all of his claims are exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that each ground is exhausted.  If Petitioner admits that he has not exhausted a particular claim or claims, he must select one of the following options.

   **Option 2:** Petitioner may request a voluntary dismissal of this *action* without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

   **Option 3:** Petitioner may request a voluntary dismissal of *any unexhausted claim* and elect to proceed only on his exhausted claims.  Petitioner may also use the attached Notice of Dismissal form to select this option.  However, Petitioner is advised that if he elects to proceed without the unexhausted claim(s), any future habeas claims that could have been raised in the instant Petition may be rejected as successive.

   **Option 4:** Petitioner may request leave to amend his Petition to include only those grounds that have been fairly presented to the California Supreme Court.  If Petitioner selects this option, he should specifically describe the grounds he wants to include in his amended petition.

   **Option 5:** Petitioner may request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  Under *Rhines*, the Court is empowered to stay all of the claims in a "mixed"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5240 FLA (PVC)                                   Date:  November 23, 2022

Title        Ronald O. Tanks v. Danny Samuel, Warden

petition while Petitioner returns to the state courts to exhaust any already pled, but unexhausted, claim(s).  *See id.* at 277–78.  To obtain a stay pursuant to *Rhines*, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state court and to establish that each unexhausted claim is not "plainly meritless."  *See id.* at 277.

**Option 6:** Petitioner may request a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Under *Kelly*, Petitioner would have to dismiss any unexhausted claim(s), but the Court would be empowered to stay any remaining, fully exhausted claims while he returned to the state courts to exhaust the unexhausted claim(s).  *See id.* at 1070–71.  Unlike a *Rhines* stay, a stay under *Kelly* does not require a showing of good cause.  *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).  A *Kelly* stay requires compliance with the following three-step procedure: (1) the petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) the petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." *Id.*; *see also Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015) (quoting same).

Petitioner is cautioned, however, that he will be allowed to amend his Petition to add any newly exhausted claims following a *Kelly* stay only if the AEDPA statute of limitations has not yet expired, or if the claims "relate back" to the timely exhausted claim(s) in the pending petition.  *King*, 564 F.3d at 1140–41.  A claim relates back if it shares a "common core of operative facts" with one or more of the claims in the pending petition.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  Therefore, as the Ninth Circuit has cautioned, "compared to the *Rhines* procedure, '*Kelly* is not only a more cumbersome procedure for petitioners, but also a riskier one.'"  *Mitchell*, 791 F.3d at 1171 n.4 (quoting *King*, 564 F.3d at 1140).  "[F]rom the perspective of the petitioner, the downside of the *Kelly* procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed."  *Mitchell*, 791 F.3d at 1171 n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5240 FLA (PVC)                                    Date: November 23, 2022

Title          Ronald O. Tanks v. Danny Samuel, Warden

      In sum, the Court **ORDERS** Petitioner to file a response, within **14 days** of the date of this Order, specifically stating which of the six options he wishes to pursue. To select Option One, Petitioner must file a declaration signed under penalty of perjury and attach copies of any documents establishing exhaustion of each of his three claims. To select Options Two or Three, Petitioner may use **the attached Notice of Dismissal form** and fill it out according to his choice to dismiss either the entire action or only his unexhausted claims. To select Option Four, Petitioner must file a motion for leave to file an amended petition, <u>with the proposed amended petition attached as an exhibit to the motion</u>. To select Options Five or Six, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to either *Rhines* or *Kelly*. If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause for his failure to have exhausted any particular claim(s) and show why each unexhausted claim is not plainly meritless.

      **Petitioner is expressly warned that failure to timely file a declaration or other response to this Order <u>will</u> result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)**.

      IT IS SO ORDERED.

Initials of Preparer    00:00 / mr